KUTV, INC., a Nevada Corporation,
Plaintiff and Respondent,

v.

MOTOR SALES, INC., a corporation, dba
Federal Mobile Homes, Defend-
ant and Appellant.

No. 13987.

Supreme Court of Utah.

Feb. 10, 1976.

Tex R. Olsen, Olsen & Chamberlain, Richfield, for defendant and appellant.

E. Nordell Weeks, Salt Lake City, for plaintiff and respondent.

·MAUGHAN, Justice:

Appellant (Motor Sales) seeks reversal of the judgment of the trial court awarding $11,180 to respondent (KUTV) for advertising services rendered. We affirm.

Motor Sales established a business outlet in Salt Lake City. During the time in question, May of 1973 through February of 1974, a Mr. Bowen and a Mr. Martin, at different times, were managing the Salt Lake operation for Motor Sales. Commencing in May of 1973, and continuing through February of 1974, Bowen and Martin placed orders for advertising with KUTV. The advertising services were rendered, and prior to running any of the advertising, KUTV sent a notice to the home office of Motor Sales in Richfield, Utah. This notice advised Motor Sales, in advance, of the advertising ordered and the dates on which it would appear. Payments for this advertising were made by Motor Sales through the month of August 1973. Bowen and Martin ordered additional advertising for the months after August 1973, but Motor Sales made no payments for the advertising received thereafter.

In connection with the sale of their advertising services, KUTV offered expense-free trips to customers who purchased certain amounts of advertising. As one of these customers, Motor Sales, through its Salt Lake outlet, received one or two of these trips. The trips were taken by Bowen and Martin.

It is this practice which Motor Sales brings here on appeal, claiming a violation of 76-6-508, U.C.A.1953. This statute, in substance, makes it a class B misdemeanor for a person, without the consent of the employer or principal and contrary to the interest of the employer or principal, to confer, offer, or agree to confer upon one's employee, agent, or fiduciary any benefit with the purpose of influencing the conduct of that person relating to his employer's affairs.

We do not say that such a practice with additional elements not shown here would

not violate the public policy announced in the statute. *Sirkin v. Fourteenth Street Store*,[1] relied upon by Motor Sales, is distinguishable on the public policy it interprets, and the facts applied.

At the close of KUTV's case, Motor Sales made a motion for judgment against KUTV on two grounds, viz., it had not sustained its burden in showing that Bowen and Martin were authorized agents of Motor Sales, and that the advertising contracts whereby the expense-free trips were received were collusive between the agent and a third party. The court reminded counsel that up to that point he had heard nothing about collusion and that it was incumbent on Motor Sales to prove that whatever was done was without the consent and contrary to the interests of the employer, and denied the motion. At the close of Motor Sales' evidence the court ruled that agents Bowen and Martin were held out by Motor Sales as having authority, and that such authority continued to January 1, 1974, at which time defendant, by personal notice, terminated that authority.

We find nothing in the evidence which would have compelled the trial court to find that the activities complained of were without the consent, and contrary to the interests, of the employer—we agree with the trial court the proof was not presented.

The defense is not raised in the answer of Motor Sales and no amendment of pleadings was requested. Furthermore, no renewal of the motion of Motor Sales was made, no requests for findings pertinent to its claim were made; although the trial court required them to be first submitted to Motor Sales, before being submitted to the court. We think the judgment is in conformance with the evidence.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.